# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 5:21-MJ- 0510 (ML) |
| | ) |
| JOSHUA MEIGHEN | ) |
| | ) |
| Defendant | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the dates of October 12, 2021 through October 14, 2021 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(d)(1) | Transfer of a firearm to a previously convicted felon |
| Title 18, United States Code, Section 922(a)(5) | Transfer of a firearm to an out of state resident |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

*Richard R. Gardinier*

*Complainant's signature*

Richard Gardinier, Special Agent, ATF

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: October 26, 2021

*Miroslav Lovric*

*Judge's signature*

City and State: Binghamton, New York    Hon. Miroslav Lovric, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

**v.**

**JOSHUA MEIGHEN,**

**Defendant.**

Case No.  5:21-MJ-  0510 (ML)

**Filed Under Seal**

**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT**

I, Richard Gardinier, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of a criminal complaint charging Joshua MEIGHEN, the defendant, with violating Title 18, United States Code, Section 922(d)(1) (transfer of a firearm to a previously convicted felon); and Title 18, United States Code, Section 922(a)(5) (Transfer of a firearm to an out of state resident).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 2, 2017. I attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in and successfully completed both Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During the course of my training, I received instruction on physical surveillance, interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc.  Prior to my time with ATF, I was employed by the United States Secret Service, Uniformed Division (USSS/UD) for four years. I was enrolled in and successfully completed the Uniformed Police Training Program (UPTP) at

FLETC, as well as New Officer Training with the USSS/UD, located in Beltsville, Maryland.

3. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for the offenses enumerated in Title 18, 21 and 26, United States Code. As an ATF Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, and Title 26 offenses, related to the unlawful possession and/or transfer of firearms.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe Joshua MEIGHEN, the defendant, violated Title 18, United States Code, Section 922(d)(1) (transfer of a firearm to a previously convicted felon); and Title 18, United States Code, Section 922(a)(5) (Transfer of a firearm to an out of state resident); for mailing a firearm – namely a Taurus, model G3C, 9mm caliber pistol bearing serial number ACH204655 (FIREARM) and twenty-five (25) rounds of 9mm caliber ammunition to an individual the defendant knew has been previously convicted of a felony offense.

## PROBABLE CAUSE

6. During the week of September 19, 2021, an ATF Confidential Informant (the "CI")[1] informed me, in substance and in part, of the following:

   a. An individual previously known to the CI contacted the CI via social media and encrypted apps. The CI indicated the target's name was "Josh", who was currently residing somewhere in South Carolina. The CI was later shown and made a positive identification on a photo-array of Joshua MEIGHEN.

   b. MEIGHEN indicated to the CI he would sell firearms to the CI and transfer them via the United States Postal Service (USPS) and U.S. mail.

   a. Of note, the CI had previously been incarcerated with MEIGHEN in New York State prison (New York State Department of Corrections and Community Supervision DOCCS). MEIGHEN is a thirty-year old male, who's criminal history reflects that he has been previously convicted of a felony five (5) times in the state of New York. His most recent conviction was on for Robbery in the 3rd degree, New York Penal law Section 160.05 in Rockland County, New York, for which MEIGHEN was sentenced on January 28, 2015 to serve to two (2) years to four (4) years in New York State Prison. Both the CI and Joshua MEIGHEN are persons who have been previously convicted of crimes punishable by more than one year

---

[1] The CI was previously arrested on a New York State controlled substance charge, to which the CI has pled guilty. The CI is working with law enforcement in hopes of receiving leniency at sentencing. The CI is also being paid by ATF for the CI's work as an informant. The CI has worked with other law enforcement officials on several investigations, and has provided reliable and credible information in the past. The CI is physically located in and is a resident of the Northern District of New York.

        in prison and both are aware of this fact because both actually served sentences in excess of one year in prison. The CI has advised that Joshua MEIGHEN and he had discussed their sentences while together in prison and MEIGEN is aware that the CI is a previously convicted felon and has been convicted of a crime punishable by a term of imprisonment in excess of one (1) year.

    b. Additionally, MEIGHEN's criminal history indicated he is a documented member of the "Bloods" gang, which the CI corroborated as the result of conversations between the two in prison.

7. During the week of October 10, 2021, the CI, at ATF's direction, conducted a controlled purchase of a firearm from MEIGHEN as described below. Based on my participation in that controlled purchase and discussions with the CI, I have learned, in substance and in part, the following:

    a. The CI arranged the transaction with MEIGHEN, utilizing an encrypted app on his cellular phone. I was present during some of the video/telephone calls and I was able to hear the conversation between the CI and MEIGHEN; however, I was unable to record them without jeopardizing the investigation.

    b. MEIGHEN sent a message to the CI requesting $980.00 for the purchase of a Taurus 9mm pistol and a quantity of ammunition. MEIGHEN directed the CI to transfer the money to a Walmart in Seneca, SC in MEIGHEN's name.

    c. Additionally, MEIGHEN provided information for whom to send the money to for the purchase of the firearm. MEIGHEN indicated to the CI to send the money to the Walmart in Seneca, South Carolina in the name of Joshua MEIGHEN with the

cellular phone number 845-893-5684 (PHONE NUMBER). Records indicate this cellular phone number was utilized by MEIGHEN recently.

d. Furthermore, MEIGHEN requested the CI's true name and address to send the parcel which would contain the firearm and ammunition. The CI provided an address in the state of New York.

e. The CI and I sent $980.00 in government funds from the Walmart store in Auburn, New York, to the Walmart store in Seneca, South Carolina to the name Joshua MEIGHEN.

f. MEIGHEN was overheard by myself conversing on a live video call with the CI. MEIGHEN said he was in line at the Walmart obtaining the funds sent by the CI and myself. MEIGHEN further indicated the package, which included the firearm and ammunition, would be mailed to the CI after he (MEIGHEN) retrieved the money at Walmart.

g. The following morning, the CI received a United States Postal Service tracking number from MEIGHEN. The PHONE NUMBER was listed on the parcel of mail as the sender's phone number. The sender was identified on the package as Luis ESTRELLA, 126 Parriss [sic] Drive, Seneca, South Carolina 29678. U.S. Postal Service Records indicate that no such street exists in Seneca, South Carolina. There is an address of 126 Parris Drive in Seneca, South Carolina, United States. U.S. Postal Inspector William Price has advised that the name listed as the sender of the gun parcel does not associate to the return address in USPS databases.

h. The next day, a parcel arrived as described and purchased by the CI at the Postal center in Cicero, NY. I and law enforcement officers opened the parcel, purchased

        with government funds by an ATF CI and located a Taurus, model G3C, 9mm caliber pistol bearing serial number ACH204655 (FIREARM), as well as twenty-five (25) rounds of 9mm caliber ammunition. The firearm was equipped with a laser-type sighting mechanism. See Exhibits 1 and 2.

        i. The parcel was addressed to the CI, with an address in the state of New York. The name, address and phone number of both the sender and recipient (CI) appear to have been hand-written on the parcel. Nothing, either inside nor outside the parcel, indicated the parcel contained either a firearm or ammunition.

8. The CI was recorded making a video call to MEIGHEN via encrypted app, during which the CI displayed the FIREARM. MEIGHEN was overheard describing it and asking if the "beam" still worked because one had been broken in transit previously

9. On October 14, 2021, I requested and received a firearms trace of the FIREARM. The firearms trace summary indicated the FIREARM was purchased on September 20, 2021 by Ashlynn GENT at an Academy Sports and Outdoors store (#154), located in Anderson, South Carolina. I contacted C.B., Compliance-Firearms Specialist with Academy Sports and Outdoors.[2] Specialist C.B. was able to provide me with a video recording of the transaction, during which GENT was observed arriving with MEIGHEN in the same vehicle, a silver Honda Pilot bearing unknown registration. I have confirmed through South Carolina state motor vehicle records that Ashlynn GENT is the same person appearing with MEIGHEN at Academy Sports and Outdoors for this firearm purchase on September 20, 2021. Her operator's license photo matches the person

---

[2] Due to the nature of this investigation, private citizens who have assisted this investigation by providing information and/or records are identified herein by letters. Their true names are available to the Court if requested.

depicted on the store video and she used her South Carolina driving operator's license as identification during the firearms purchase.

10. GENT and MEIGHEN were observed entering the store together, after which GENT proceeded to the firearms counter. MEIGHEN was observed nearby as GENT filled out paperwork to procure the FIREARM. GENT was then observed moving to the cash registers in the front of the store, where she paid cash for the FIREARM. GENT then left the store and was observed entering the same vehicle. MEIGHEN was observed exiting the store a short time later, entering the driver's seat of the vehicle, after which the vehicle departed.

11. On October 14, 2021 I contacted the Walmart Store in Seneca, South Carolina and requested video of the transaction wherein MEIGHEN received the government funds as payment for the FIREARM on October 12, 2021. On October 18, 2021, V.K. of Walmart's Security team sent me a secure and encrypted email. The email contained still photos from store surveillance video documenting the transaction. In the video, MEIGHEN is observed providing his driver's license to the Walmart employee at the customer service register (required to receive the funds sent). MEIGHEN is then observed receiving the cash and exiting the store. MEIGHEN is observed entering a silver Honda Pilot SUV and departing the store.

12. On October 19, 2021, USPIS Inspector William Price provided me with still photographs, taken from live surveillance video, recovered from the Seneca, South Carolina Post Office. The photographs depict MEIGHEN entering the Post Office on October 13, 2021 with a parcel in his hand matching the parcel received containing the FIREARM. MEIGHEN is observed at the counter providing the parcel to Postal employees and departing the Post Office.

13. During the week of October 17, 2021, MEIGHEN contacted the CI regarding future purchases of firearms. MEIGHEN indicated he had several firearms which he was willing to sell

7

and transfer to the CI in the same manner as previously conducted.  MEIGHEN indicated he had access to several firearms and sent photographs to the CI via encrypted app, which the CI provided to law enforcement.  The photographs depict a large quantity of firearms, which included revolvers, pistols and rifles, some of which contained high-capacity, or drum, magazines.  Some of the photographs appeared to be taken inside a residence, which included what appeared to be bedding and flooring, while others appeared to be outside.

14. I have examined the FIREARM and ammunition as described above.  Based on that examination, and my training and experience, I have determined that both were manufactured outside the state of New York.  Additionally, both the FIREARM and ammunition were shipped from South Carolina to New York via the U.S. Mail.  The tracking number retrieved from the outside of the parcel confirmed the parcel entered the mail stream at a U.S. Post Office in South Carolina and was intercepted in Cicero, New York, therefore affecting interstate commerce.

15. In light of the foregoing, I respectfully submit there is probable cause to believe Joshua MEIGHEN, the defendant, violated Title 18, United States Code, Section 922(d)(1) (transfer of a firearm to a previously convicted felon); and Title 18, United States Code, Section 922(a)(5) (Transfer of a firearm to an out of state resident). I respectfully request the Court authorize the filing of this complaint and issue an arrest warrant so that the defendant may be arrested and brought to court for further proceedings in accordance with the law.

Attested to by the affiant:

*Richard R. Gardinier*

Richard Gardinier
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on October __26__, 2021, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Miroslav Lovric*

Hon. Miroslav Lovric
U.S. Magistrate Judge

# Exhibit 1



# Exhibit 2

