IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | Case No. 5:21-CR-388 (NAM) |
| JOSHUA MEIGHEN, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court sentence the defendant to 78 months imprisonment, a term of 3 years supervised release, and a $200 special assessment.

The defendant, a 5-time convicted felon, sold and mailed firearms to other convicted felons. Consequently, the Court should impose a substantial term of imprisonment in this case.

I

**INTRODUCTION**

On May 19, 2022, the defendant entered a guilty plea to Counts 1 and 2 of an indictment charging Sale and Transfer of a Firearm and Ammunition to a Convicted Felon, in violation of 18 USC Section 922(d)(1), and Sale and Transfer of a Firearm to a Resident of Another State, in violation of Title 18, United States Code, Sections 922(a)(5). The defendant is scheduled to be sentenced on July 25, 2022.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximum and Minimum Sentences**

The defendant's conviction for Sale and Transfer of a Firearm and Ammunition to a Convicted Felon, in violation of 18 USC Section 922(d)(1) subjects him to a maximum term of 10 years imprisonment and a term of supervised release of up to 3 years. The defendant's conviction for Sale and Transfer of a Firearm to a Resident of Another State, in violation of Title 18, United States Code, Sections 922(a)(5) subjects him to a maximum term of 5 years imprisonment and a term of supervised release of up to 3 years. Both convictions provide for a maximum fine of up to $250,000.00.

2. **Guidelines Provisions**

   a) The written plea agreement in this case includes stipulations that the parties agree that the base offense level is 20 pursuant to U.S.S.G. §2K2.1(a)(4)(A) because the defendant committed the instant offense subsequent to sustaining a felony conviction for Robbery in the Third Degree, in violation of New York Penal Law, Section 160.05. Two levels are added pursuant to U.S.S.G. Section 2K2.1(b)(1)(A) because the offense involved between three (3) and seven (7) firearms.

   b) The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not

determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

c) The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 or more before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

d) The United States notes that the PSR finds different calculations than that of the plea agreement.

**3.     Criminal History Category**

According to the presentence report, the defendant's criminal history category is V (PSR paragraph 49). The United States agrees with the Probation Office's determination of the defendant's criminal history category. It should be noted that the defendant's prior criminal history begins at age 16 with a New York State felony crime (PSR paragraph 43) for which he was adjudicated a youthful offender. He was subsequently convicted of five (5) separate felony-level crimes before the instant federal offense was committed (See PSR paragraphs 42 through 48).

These include both violent and non-violent felonies, including possession of Attempted Criminal Possession of a Weapon in the Third Degree (PSR paragraph 46), Burglary in the Third Degree (PSR paragraph 47), and Robbery in the Third Degree (PSR paragraph 48). Meighen is a life-long criminal and a serial recidivist.

**4.    The Defendant's Health**

The defendant has not enjoyed good health and it is anticipated that his counsel will suggest that he receive a lenient sentence because of this. The Court should reject this argument because his health did not prevent him from committing the instant firearms offenses, or the five-felonies in his criminal history. In balancing the interests of public safety against the defendant's medical condition, the Court should come down on the side of protecting society by incarcerating Meighen for a lengthy period. The defendant will benefit from the medical care provided by the Bureau Prisons much more so than if he is released, and the public will be at extreme risk if he re-offends.

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the United States respectfully requests that the defendant be sentenced to serve 78 months imprisonment, a term of 3-years of supervised release, and a $200 special assessment. The defendant is the very definition of a career criminal. His actions in selling guns to known felons endangered the public and showed a callous disregard for the safety of the public. As a five-time prior convicted felon, he has led a life characterized by criminality and antisocial behavior. There could be more deserving a defendant for a long sentence of imprisonment than Joshua Meighen.

## 18 U.SC. § 3553A Factors

The defendant's lengthy criminal record, lack of employment history, and actions in this

case strongly suggest a lengthy period of incarceration is appropriate. In short, Mr. Meighen is the very picture of an offender who is likely destined to commit further crimes in the future as a recidivist. Based upon his prior record, it can truly be said that the defendant has spent nearly his entire adult life in trouble with the law, as is reflected in his criminal history category of V.

In order to deter Mr. Meighen and others who might engage in the dangerous behavior he undertook in this case, a significant further sentence of incarceration is called for. This is especially the case here, as Mr. Meighen committed his crimes after five prior felony convictions Moreover, respect for the law and just punishment require this Court take into account the defendant's actions which severely endangered the public. The defendant should be held accountable for his actions in order to vindicate the spirit and letter of 18 U.S.C § 3553(a). No one with a record of criminal behavior such as that compiled by Joshua Meighen should commit these offenses and escape just punishment. For these reasons, we urge the Court to impose a sentence of 78- months incarceration, to be followed by 3 years of supervised release. In his commission of these offenses, Mr. Meighen has shown himself to be an unrepentant, lifelong criminal who presents an extreme danger to the public, and from whom society needs protection. The sentence suggested by the United States will provide that safety.

Dated: July 22, 2022                    Respectfully submitted,

                                        CARLA B. FREEDMAN
                                        United States Attorney


                        By:    /s/ Richard R. Southwick
                               Richard R. Southwick
                               Assistant United States Attorney
                               Bar Roll No. 506265

5